IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GABRIEL ZAVALA, | ) | No. C 06-6557 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) | |
| A.P. KANE, et al., | ) ) | |
| Respondents. | ) ) | (Docket No. 3) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Governor's decision to reverse the Board of Prison Terms' ("Board's") finding that he was suitable for parole. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition for failure to exhaust his state court remedies, and petitioner filed an opposition.[1] Based upon the papers submitted, the court concludes that the petition is unexhausted and will DISMISS the instant petition without prejudice to refiling after the claims have been exhausted.

---

[1] Respondent did not file a reply.

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.06\Zavala557mtdexhaust.wpd    1

**STATEMENT**

In 1982, Petitioner was sentenced to fifteen years-to-life in state prison after his second degree murder conviction in Los Angeles Superior Court. The Board found petitioner suitable for parole on September 25, 2003, a decision reversed by the Governor on February 24, 2004. On March 21, 2005, petitioner's federal habeas petition in the United States District Court for the Central District of California, challenging the Governor's decision, was denied. Meanwhile, on December 8, 2004, the Board found petitioner suitable for parole again, and on April 25, 2005, the Governor again reversed the Board's decision and denied parole on the same grounds as his February 2004 decision denying petitioner's release on parole. Later in 2005, the Board found petitioner suitable for parole a third time, and in April 2006, the Governor reversed the Board's decision and denied parole for a third time.[2]

On February 17, 2006, petitioner filed a petition for review in the California Supreme Court. The petition sought a reversal of the California Court of Appeal's decision denying a petition for a writ of habeas corpus. In his petition for review, petitioner challenged the Governor's April 25, 2005 denial of parole. The petition for review was denied as on May 10, 2006. Petitioner filed the instant federal habeas petition on June 22, 2006 in the Central District of California, and it was transferred to this court on October 20, 2006. It challenges the Governor's April 2006 reversal.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c).

---

[2]Petitioner indicates in his opposition that on April 10, 2007, the Board found him suitable for parole for a fourth time and that he awaits the Governor's action on that decision.

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. See id.; Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).[3]

     Respondent argues that the claims in the instant petition have not been exhausted because the instant petition challenges the Governor's 2006 decision denying parole, whereas the petition for review to the California Supreme Court challenged the Governor's 2005 decision denying parole. In the instant federal petition, petitioner argues that the Governor's reversing the Board's grant of parole "for a third time" violates petitioner's constitutional rights. (Petition at 5.) As discussed above, this argument refers to the Governor's April 2006 decision because that is when the Governor, for the third time, reversed the Board's decision that petitioner should be released on parole. By contrast, petitioner's petition for review to the California Supreme Court challenged the Governor's 2005 decision reversing the Board's grant of parole. (Resp. Ex. A at 5.) Indeed, this petition for review was filed in the California Supreme Court on February 24, 2006, two months before the Governor's April 2006 decision challenged in the instant petition. Consequently, petitioner did not present the claims raised in the instant federal petition to the California Supreme Court in the February 24, 2006 petition for review. Moreover, petitioner does not argue, nor does the record indicate, that he has since filed in the California Supreme Court any other petitions or proceedings challenging the Governor's April 2006 decision challenged herein, in which the Governor reversed of the Board's grant of parole.

     Petitioner appears to argue in his opposition that both the instant petition and the

---

[3] The exhaustion requirement also may be satisfied if no state remedy remains available, see Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996), which neither party contends is the case here.

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.06\Zavala557mtdexhaust.wpd   3

1  February 24, 2006 petition for review to the California Supreme Court challenge the
2  "2003 suitability hearing / reversed on February 20, 2004." (Opp. at 2-3.) However, a
3  review of the instant petition and the February 24, 2006 petition for review to the
4  California Supreme Court indicate that they did not challenge that decision. More
5  importantly, petitioner has previously challenged the Governor's February 20, 2004
6  reversal of the Board's 2003 finding of parole suitability in a prior federal petition in the
7  Central District, which petition denied on March 21, 2005. (Resp. Ex. A at 4.) As a
8  result, any attempt to challenge the Governor's February 20, 2004, decision in the present
9  federal petition would amount to a second or successive petition barred by 28 U.S.C. §
10 2244(b)(3)(A).[4]

As petitioner has not presented the claims raised in the instant petition, challenging the Governor's 2006 reversal of the Board's decision to grant parole, to the highest state court, he has not exhausted his state remedies. The court understands that the petitioner may be frustrated by the Governor's continued reversals and the procedural hurdles of exhaustion. Nevertheless, the petition must be dismissed without prejudice to re-filing upon exhaustion. If petitioner chooses to refile after exhaustion, he should make sure that his federal petition covers the same decision or decisions as set forth in his state petition.

## CONCLUSION

Respondent's motion to dismiss the petition as unexhausted (docket no. 3) is GRANTED. The instant petition is DISMISSED without prejudice to petitioner's filing a new federal habeas petition once he has exhausted his state remedies by presenting his

///
///
///
///

---

[4] To bring a second or successive petition, petitioner must first obtain authorization from the United States Court of Appeals for the Ninth Circuit; petitioner has not done so. See 28 U.S.C. § 2254(b)(3)(A).

1  claims to the highest state court.  The clerk shall terminate all pending motions and close
2  the file.
3      IT IS SO ORDERED.
4  DATED: __3/27/08_____      _____
                                        RONALD M. WHYTE
5                                          United States District Judge